IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| WON-DOOR CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CORNELL IRON WORKS, INC., a Pennsylvania Corporation; and SCHUBERT PLASTICS, INC., a Pennsylvania Corporation<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:15-cv-00499<br><br>United States District Court<br>Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

　　　　This matter is before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. §636(b)(1)(A) referral from District Court Judge Jill N. Parrish (Dkt. No. 27, 30).  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and concludes that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

　　　　Currently pending is Defendant Cornell Iron Work's ("Cornell") motion to strike portions of Plaintiff Won-Door Corporation's ("Won Door") complaint pursuant to federal rule of civil procedure 12(f) (Dkt. No. 26).  *See* Fed. R. Civ. P. 12(f).

I.  BACKGROUND

　　　　Won-Door is in the business of manufacturing sliding doors, according-style movable partitions, tracks, and assemblies (Dkt. No. 2).  On July 14, 2014, Won-Door filed its complaint alleging that Cornell, as its competitor, infringed two patents:  (1) the '392 Patent entitled

"Movable Partitions and Protective Clips for Movable Partitions" issued to Won-Door by the United States Patent and Trademark Office on June 30, 2014 ("the '392 Patent) (Dkt. No. 2-3); and (2) the '412 Patent entitled "Methods Of Forming Protective Clips For Movable Partitions And Methods Of Installing Protective Clips For Movable Partitions" issued to Won-Door by the United States Patent and Trademark Office on July 7, 2015 ("the '412 Patent") (Dkt. No. 2-5). The '392 and the '412 patents are specifically related to the design of "safety sweep clips" as utilized with the partition type doors manufactured by Won-Door (Dkt. No. 2).

Cornell seeks to strike Paragraphs 10, 53, 54, 55 and 56 of Won-Door's complaint pursuant to rule 12(f) (Dkt. No. 26).[1]  Cornell asserts that the offending paragraphs improperly

---

[1] That portion of paragraph 10 which Cornell seeks to strike states:

In addition, Cornell has previously submitted itself to the jurisdiction of this Court in another patent infringement matter between these parties, *Won-Door Corporation v. Cornell Iron Works, Inc.,* Case 2:13-cv-00331-TS-DBP (D. Utah 2013 ) (Chief Judge Ted Stewart) ("the'331 Case") (resulting in the entry of a Preliminary Injunction and a stipulated Consent Judgment and Permanent Injunction and this Court has previously determined that it has personal jurisdiction over Cornell. *See* Docket 78 in '331 Cast at p. 1 (Dkt. No. 2, ¶10).

Paragraphs 53 through 56 state:

Won-Door previously filed a Complaint for Patent Infringement against Cornell in this Court, *Won-Door Corporation v. Cornell Iron Works,* Case 2:13-cv-00331-TS (D. Utah) on its related U.S. Patent 8,316,914 directed to overhead tracks, header assemblies, movable partition systems, and methods for forming a header assembly for a movable partition.  Docket 2 in '331 Case.  Won-Door sought and obtained both preliminary and permanent injunctive relief.  *See* Dockets 7, 50 and 78 in '331 Case (Dkt. No. 2, ¶53).

During the litigation of the '331 Case, Cornell, through its counsel, acknowledged in a court hearing that the LDS Church Purchasing Division had asked it to copy the header assembly designed by Won-Door for its own movable partitions and had provided it with samples, drawings and/or other technical information to allow it to do so.  Cornell did just that and copied Won-Door's patented header assembly (Dkt. No. 2, ¶54).

On October 3, 2013, this Court issued its Memorandum Decision and Order Granting Plaintiff's Motion for Preliminary Injunction, finding in favor of Won-Door on all four

reference a prior patent infringement action between Won Door and Cornell involving Won Door's '914 patent entitled "Movable Partitions, Header Assemblies For Movable Partitions, And Methods Of Forming Header Assemblies For Movable Partitions" ("the '331 case"). *See Won Door Corporation v. Cornell Iron Works,* 2:13-cv-00331-TS (Dkt. No. 2-1). Cornell argues that Won-Door's references to the '331 case are not relevant to the present action and are designed to "improperly and unfairly tarnish [Cornell's] image" (Dkt. No. 26, p.4).

Won-Door opposes Cornell's motion arguing that the '914 patent, at issue in the '331 case, relates to the overhead tracks, partitions and assemblies utilized in conjunction with Won-Door's movable partition doors. Given the similarities between the subject matter of the '914 patent and the patents at issue, Won-Door asserts that inclusion of information about the '331 case helps the court to "better understand" the present controversy (Dkt. No. 29).

## II. FEDERAL RULE OF CIVIL PROCEDURE 12(f)

Under the Federal Rules of Civil Procedure courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R.

---

injunction facts and enjoining Cornell from ". . . making, using, selling or offering for sale, any product incorporating the invention claimed in the '914 Patent, or any colorable imitation thereof, pending entry of final judgment in this Action." Docket 50 in '331 Case, at p. 14 (Dkt. No. 2, ¶55).

On July 30, 2014, following settlement, the Court entered a Stipulated Consent Judgment and Permanent Injunction, permanently enjoining Cornell from "manufacture, sell, offer to sell, use or import within the United States its unitized track, any product encompassing or embodying its unitized track, of any product that is not more than colorably different from it unitized track," including at least claims 1 and 7 of the '914 Patent. Docket 78 in '331 Case. (Dkt. No. 2, ¶56).

Civ. P. 12(f).  A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded."  *Delaware Health Care v. MCD Holding Co.,* 893 F. Supp 1279, 1291-92 (*citing,* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1382, at 706-07 (2d ed. 1990).  Similarly, impertinent matters are defined as those "statements that do not pertain, and are not necessary, to the issues in question."  *Id.*

In general, motions to strike are disfavored and a pleading should not be stricken unless the material is prejudicial to the moving party and "has no possible bearing on the controversy [at issue]."  *Lane v. Page,* 272 F.R.D. 581, 587 (D.N.M. 2011) (quotation marks and citation omitted); *see also Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 821 (7th Cir. 2001) ("We. . . take this opportunity to advise. . . against moving to strike extraneous matter unless its presence in the [pleading] is actually prejudicial. . . . ").

Overall, it is within the court's discretion to grant a motion to strike.  *See Tiscareno v. Fraiser,* 2012 U.S. Dist. LEXIS 55553 (D. Utah Apr. 19, 2012) (*citing Scherer v. United States Dep't. of Educ.,* 78 F. App's 687, 689 (10th Cir. 2003).

### III.  ANALYSIS

Upon consideration, the court is persuaded that part of paragraph 10 along with the entirety of paragraphs 53, 54, 55 and 56 of Won-Door's complaint, contain statements that are immaterial and should be stricken pursuant to rule 12(f).  The inclusion of information about the '331 case is not necessary to the claims at issue and does not merit incorporation into this complaint.

The court agrees with Won-Door that information about the '331 case provides a framework for the current controversy.  However, in addition to providing a framework, the

challenged paragraphs include argument on Won-Door's theory of the case, including arguably prejudicial assertions of "serial infringement" against Cornell, that are inconsistent with the pleading requirements of rule 8.  *See* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); DUCivR 3-5.  As a result, any benefit derived from Won-Door's framework is outweighed by the possibility of prejudice to Cornell.  Additionally, while information from the '331 case related to Cornell's prior submission to jurisdiction (*see* Dkt. No. 2, ¶10) or Cornell's prior in-court acknowledgments (Dkt. No. 2, ¶54) may provide context, the court concludes that such information is more appropriately raised through motion practice where the claims can be addressed by both parties absent any inference of prejudice.

Finally, Won-Door's asserts that inclusion of information about the '331 case in the current complaint is appropriate because all of the information is "publicly-available".  The court disagrees.  Won-Door's claim conflates the ability to access information with its materiality under rule 12.  Further, ease of access does not establish the information's bearing on the subject matter of the current litigation.

Accordingly, for the reasons set forth herein, the court grants Cornell's motion to strike. The court finds the second portion of paragraph 10 and paragraphs 53 through 56 of Won-Door's complaint to be immaterial.  These paragraphs fail to address the present causes of action and instead reference prior litigation not at issue in this case.  *See Roberts v. Sony Corporation, 2006 U.S. Dist. LEXIS 5559, \*14* (D. Utah Jan. 27, 2006); 2:04-cv-673-TS (granting motion to strike immaterial information in patent infringement pleading).  Consistent therewith, Won-Door is ordered to filed an Amended Complaint removing those stricken portions of the pleading within

five (5) days of the date of this order.

                                              DATED this 5th day of October, 2015.

                                              _____
                                              Dustin Pead
                                              U.S. Magistrate Judge